UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
STEPHEN RENAUD,

                    Plaintiff,

    -against-

State of New York, City of New York,
CHARLES J. HYNES, Dist. Atty. Kings Co.,
PATRICIA M. DiMANGO, Sup. Ct. Jus. Kings Co.,

                    Defendants.
-----------------------------------------------------------X
KUNTZ, United States District Judge:

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER**

12-CV-4024 (WFK)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ AUG 22 2012 ★
BROOKLYN OFFICE

On August 13, 2012, plaintiff Stephen Renaud, appearing *pro se*, and currently detained at the Brooklyn Detention Center commenced this action ostensibly pursuant to "28 U.S.C. 1400(b), 28 U.S.C. Sections 1602 and 1611; for determination of whether Plaintiff is entitled to immunity status within the definition of the Foreign Sovereign Immunities Act." Compl. at 1. He seeks the Court's intervention in his state court criminal prosecution. Plaintiff paid the filing fee of $350 to commence this action. The complaint is dismissed as set forth below.

**STANDARD OF REVIEW**

In reviewing plaintiff's complaint, the Court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the



defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); accord *Cave v. East Meadow Union Free School Dist.*, 514 F.3d 240, 250 (2d Cir. 2008). If the Court determines that the action is frivolous, the Court may dismiss the complaint *sua sponte* even if the plaintiff has paid the filing fee. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) *(per curiam)*.

## DISCUSSION

Plaintiff is currently detained and on trial before Judge Patricia DiMango for charges of rape and sexual abuse. Plaintiff's next court appearance is scheduled for September 13, 2012. *See* http://iapps.courts.state.ny.us/webcrim_attorney/DefendantSearch (last visited Aug. 21, 2012). Plaintiff seeks this Court's intervention in his ongoing criminal prosecution based on his purported status as a "Secured Party/Creditor of the vessel commercially known as 'STEPHEN RENAUD, et al©, registered under New York State, Department of State, UCC Financing Statement filing ##." Compl. at ¶ 8. Plaintiff further alleges that he is immune "from prosecution under the Foreign Sovereign Immunities Act." Id. at ¶ 9.

Under the abstention doctrine set out by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the district court is without jurisdiction over plaintiff's injunctive relief claims. Under *Younger*, abstention is mandatory where: "1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." *Liberty Mut. Ins. Co. v. Hurlbut*, 585 F.3d 639, 647 (2d Cir. 2000) (quoting *Philip Morris Inc. v. Blumenthal*, 123 F.3d 103, 105 (2d Cir. 1997) (internal quotation marks omitted)). The doctrine applies to claims for injunctive and declaratory relief. *See*

*Hansel v. Town Court for the Town of Springfield*, 56 F.3d 391, 393 (2d Cir. 1995).

All three *Younger* requirements are met in this case. First, the complaint reflects that state proceedings are ongoing in the criminal prosecution under Indictment No. 07502/2010 before the New York State Supreme Court, County of Kings. Second, New York has an important state interest in enforcing its criminal laws. Finally, plaintiff has not shown that the state courts are an inadequate forum for raising his claims. Simply because the state courts have not issued decisions in plaintiff's favor does not render them "inadequate" for purposes of *Younger* abstention. *Hansel*, 56 F.3d at 394; *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.").

Even if the *Younger* abstention did not bar this Court's intervention in his ongoing criminal prosecution, the complaint would still be dismissed as frivolous. Plaintiff's allegations that his claim arises in admiralty because he is a "vessel commercially known as 'STEPHEN RENAUD'" or that he is entitled to immunity from prosecution under the Foreign Sovereign Immunities Act are claims "based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

## CONCLUSION

Accordingly, the complaint is dismissed pursuant to the *Younger* abstention doctrine and because it is frivolous pursuant to *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) *(per curiam)*.

Although plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*,

3

369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: August 22, 2012
  Brooklyn, New York

4